## AFFIDAVIT OF DUSTIN POULIN

I, Special Agent Dustin Poulin, being duly sworn, depose and state that:

## INTRODUCTION

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since June 2015, and I am currently assigned to FBI's Boston Field Office, specifically the North Shore Gang Task Force ("NSGTF"). I was previously assigned to the FBI Philadelphia Division, South Jersey Violent Offender and Gang Task Force, in Cherry Hill, New Jersey. As an FBI Special Agent, I am authorized to investigate violations of the laws of the United States, including violations of the federal narcotics laws in Title 21 of the United States Code. Prior to becoming a Special Agent, I served with the FBI since December 2009 as an Operation Support Technician and Staff Operations Specialist in the FBI Boston Division, Boston, Massachusetts.

2. As an FBI Special Agent, I have participated in narcotics investigations and debriefed or participated in the debriefings of defendants, informants, and witnesses who had personal knowledge of narcotics trafficking and gang organizations. I have participated in many aspects of narcotics investigations, including conducting physical and electronic surveillance, analyzing telephone toll information obtained through subpoenas, analyzing information obtained through court-ordered pen registers and trap and trace intercepts, overseeing the activities of and debriefing confidential human sources, and executing arrest and search warrants. I have coordinated controlled purchases of illegal drugs utilizing confidential sources and cooperating witnesses.

3. I have interviewed admitted drug traffickers, drug users, informants, cooperating defendants, and local, state, and federal law enforcement officers regarding the manner in which drug traffickers distribute, obtain, finance, store, manufacture, transport, and distribute illegal

drugs, including heroin, fentanyl, cocaine, cocaine base, and prescription pills. As such, I am familiar with the methods, routines, and practices of individuals involved in the use, sale, and trafficking of narcotics. I am also familiar with the various paraphernalia used to manufacture, compound, process, deliver, dispense, import and export, and use controlled substances such as methamphetamine, fentanyl, heroin, cocaine, marijuana, prescription medications, and other controlled substances. Based on my training and experience, I am familiar with the appearance, packaging, and texture of many controlled substances, including heroin, fentanyl, cocaine, and cocaine base.

4. Based on my training and experience, I am aware that drug traffickers commonly use cellular telephones to communicate and further their drug-trafficking activities. I am familiar with the manner in which narcotics traffickers use telephone, coded, veiled, or slang-filled telephone conversations when discussing their illegal business, in an effort to further prevent detection. I am familiar with the "street" language used by drug traffickers, as well as the methods they use to disguise conversation and operations.

## PURPOSE OF AFFIDAVIT

5. I am submitting this affidavit in support of an application for a criminal complaint charging Yoel MERCEDES, a/k/a "Capo" ("MERCEDES") with distribution of and possession with intent to distribute 40 grams or more of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi). As will be explained more fully below, on July 24, 2019, FBI investigators conducted a controlled purchase of 58 grams of fentanyl from MERCEDES.

6. I personally have participated in this investigation since July 2019. I am familiar with the facts and circumstances of this investigation based upon, among other things: (a) my

personal knowledge and involvement in this investigation; (b) my review of records related to this investigation; (c) information provided to me orally and in writing by other law enforcement agents; and (d) my experience and training as a criminal investigator.

7. Because this affidavit is submitted for the limited purpose of establishing probable cause to believe that MERCEDES distributed and possessed with intent to distribute 40 grams or more of fentanyl, I have not included every detail known to me. Rather, I have included only those facts that I believe are sufficient to establish probable cause for the issuance of the requested criminal complaint. All times herein are approximate.

## PROBABLE CAUSE

### July 24, 2019: MERCEDES sold 58 grams of fentanyl to an FBI cooperating witness

8. In July 2019, a cooperating witness ("CW") provided information to investigators about a fentanyl dealer whom the CW knew as Capo, later identified as MERCEDES.[1] On July 24, 2019, under the direction and supervision of agents, the CW called MERCEDES, who he knew to use telephone number (347) 502-3044. During the recorded call, the CW ordered six "sticks," a common street term for 10 grams of fentanyl, for a total of 60 grams of fentanyl. MERCEDES agreed to sell 60 grams of fentanyl to the CW for $1,500 and directed the CW to South Lawrence for the deal. The CW understood South Lawrence to mean the area of MERCEDES's mother's residence in Lawrence.[2] Investigators later learned that MERCEDES lived on the same street in Lawrence, Massachusetts.

---

[1] The CW has a criminal history including arraignments for filing a false motor vehicle insurance claim, larceny, kidnapping, and a drug offense. The CW has a conviction for robbery. The CW cooperated with law enforcement for monetary compensation. The CW knew MERCEDES and his telephone number from prior drug transactions. Information received from the CW was corroborated as detailed in this affidavit, and I believe that the information received from the CW is reliable.

[2] I know the exact addresses described herein but omit them because the affidavit will become a

9.      Prior to the controlled purchase, investigators searched the CW and the CW's vehicle for contraband and money with negative results. Investigators provided the CW with $1,500 of official agency funds for the controlled purchase. Investigators also equipped the CW with audio and video recording and surveillance devices. These recordings are preserved. At 5:10 p.m., investigators surveilled the CW's travel. During the drive, the CW placed a phone call and spoke to an unidentified male, believed to be MERCEDES. The CW stated to the unidentified male that the CW was about to arrive. This call was recorded. Once the CW arrived at the address, MERCEDES exited his residence. The CW provided the address over the surveillance device for agents to hear. MERCEDES then entered the front passenger seat of the CW's vehicle. This personal meeting was recorded. MERCEDES placed a bag containing six cylinders of a tan powdery substance into the center console. The CW provided MERCEDES with the $1,500 of recorded agency funds. Following the deal, MERCEDES stood by the CW's vehicle and finished a conversation. I and other agents viewed the recordings and recognized MERCEDES.

10.     Investigators then followed the CW to a pre-determined meeting location. Agent searched the CW and CW's vehicle for contraband and money with negative results. The CW then provided the audio and video recording equipment to agents and the fentanyl purchased from MERCEDES. The fentanyl was transported to the DEA Northeast Regional Laboratory where it was confirmed to be 58 grams of fentanyl.

11.     Following the deal, agents queried a law enforcement database for the residents of the address that MERCEDES was observed exiting prior to the deal. MERCEDES listed that address as his residence with the Registry of Motor Vehicles and Board of Probation. On September 9, 2019, the CW reviewed a photo array and identified MERCEDES as the person

---

publicly filed document upon the arrest of MERCEDES.

known as Capo and who had sold the CW fentanyl on July 24, 2019.

## CONCLUSION

12.     Based upon the evidence set forth above, as well as my training and experience, I submit that there is probable cause to believe that on July 24, 2019, MERCEDES distributed and possessed with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi). Accordingly, I respectfully request that a criminal complaint charging MERCEDES with a violation of 21 U.S.C. § 841(a)(1) be issued.

_____
Dustin Poulin
Special Agent
Federal Bureau of Investigation

ATTESTED and SWORN to before me telephonically in accordance with the requirements of Fed. R. Crim. P. 4.1 on November 8, 2021.

_____
Marianne B. Bowler
United States Magistrate Judge
District of Massachusetts

5